IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FOSTER CRAIG REED, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0090 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS AS MOOT

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner FOSTER CRAIG REED on March 22, 2005. By his application, petitioner challenges a state prison disciplinary proceeding wherein he was found guilty of possession of contraband and was assessed a forfeiture of sixty (60) days previously accrued good time credits. Specifically, petitioner alleges the finding of guilt can not stand because (1) his plea of guilty to the disciplinary violation was involuntary; (2) there was no evidence to support a finding of guilt because there was no physical or photographic evidence; (3) he was denied effective assistance of counsel; (4) he was not allowed to confront and cross-examine the charging officer; (5) the testimony of the charging officer contradicted statements made in the offense report; (6) the evidence was insufficient to support a finding of guilt; and (7) the finding

of guilt and punishment imposed violated the rules and procedures of TDCJ-CID and was an abuse of authority by the Hearing Officer.

Inquiry to the Texas Department of Criminal Justice, Correctional Institutions Division on this date reveals petitioner was released from confinement to mandatory supervision on May 5, 2006.[1] Petitioner's release from confinement renders the instant habeas application moot. Petitioner challenges only the disciplinary proceeding in this action and the resulting loss of sixty (60) days good time credits. Consequently, the only relief available to petitioner if successful in this matter was the restoration of the good time credits forfeited by the disciplinary action. As petitioner has been released to mandatory supervision and is no longer incarcerated, his request for a return of good time credits is moot. Under Texas Government Code section 498.003(a), "[g]ood conduct time applies only to eligibility for parole or mandatory supervision as provided by Section 508.145 or 508.147 and does not otherwise affect an inmate's term." Therefore, it is the opinion of the undersigned that because of petitioner's release to mandatory supervision, the issues raised in his writ of habeas corpus are moot under the continuing controversy requirement and that such petition should be dismissed.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner FOSTER CRAIG REED be DISMISSED as moot.

---

[1] Petitioner advised the Court of a change of address to the Austin Transition Center, but did not advise the Court he had been released to mandatory supervision.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 5th day of April 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).